UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSE MARTIN SANCHEZ,

      Petitioner,

v.                                CASE NO.:  5:25-cv-420-JLB-PRL

WARDEN, FCC COLEMAN-LOW,

      Respondent.

_____/

## OPINION AND ORDER

Pending before the Court is Petitioner Jose Martin Sanchez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.   (Doc. 1).   Petitioner alleges the Federal Bureau of Prisons (BOP) has incorrectly determined he is ineligible to receive the benefits of earned time credits under the First Step Act (FSA).   (Docs. 1 at 6, 2 at 3–4).   In its response, Respondent contends that the petition be denied because Petitioner is subject to a final order of removal that makes him ineligible to apply FSA time credits towards reducing his sentence.   (Doc. 6).   Petitioner was afforded an opportunity to reply, (Doc. 4 at 3), but failed to do so.   The matter is ripe for review.

### I.    Background

Petitioner pleaded guilty to using a communication facility to facilitate a drug felony, in violation of 21 U.S.C. §§ 843(b), (d), false representation of a Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).   He was sentenced to an aggregate

term of 96 months' imprisonment.   United States v. Sanchez, No. 6:19-cr-253-RBD-LHP, Docs. 93, 109 (M.D. Fla.).   With currently earned and projected Good Conduct Time credits, Petitioner's projected release date is on August 1, 2026.   See Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Apr. 1, 2026).

Petitioner claims the BOP has incorrectly determined he is ineligible to earn credits under the FSA.   Specifically, he claims the BOP "has been unable and/or unwilling to provide a copy of a 'final order of removal.'"   (Docs. 1 at 6, 2 at 3). Respondent contends the petition should be denied because Petitioner is not eligible for credits under the FSA due to his being subject to a final order of removal.   (Doc. 6 at 7–9).   Respondent has attached, among other things, a copy of the "Final Administrative Order of Removal," dated September 18, 2025, noting in-person service to Petitioner on September 23, 2025.   (Doc. 6-1).

## II.    Analysis

The Supreme Court has recognized that "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."   United States v. Wilson, 503 U.S. 329, 335 (1992). The FSA directed the Attorney General to develop and release a system for assessing the risks and needs of prisoners.   See 18 U.S.C. § 3632(a).   Relevant here, the FSA requires the BOP to assign prisoners to appropriate evidence-based recidivism reduction programs or productive activities based on an individualized risk and needs assessment.   See 18 U.S.C. §§ 3621(h)(1)(A), 3632(a)–(b).   A

prisoner who successfully completes these programs earns additional time credits. 18 U.S.C. § 3632(d)(4)(A).   However, a prisoner who is "the subject of a final order of removal under any provision of the immigration laws" is ineligible to apply for time credits.   18 U.S.C. § 3632(d)(4)(E)(i).   In addition, BOP regulations provide that "any inmate eligible to earn FSA [t]ime [c]redits" who is "[s]ubject to a final order of removal under immigration laws" of the United States "may not apply FSA [t]ime [c]redits toward prerelease custody or early transfer to supervised release." 28 C.F.R. § 523.44(a)(2).

Here, Petitioner is subject to a final order of removal.   (Doc. 6-1 at 1).   The final order of removal renders Petitioner ineligible to apply FSA credits to his sentence.   The Court has no reason to doubt the Final Administrative Order of Removal furnished to the Court by Respondent.   And although provided with an opportunity for Petitioner to reply to Respondent's response attaching the Final Administrative Order of Removal, Petitioner did not.[1]

Because Petitioner is ineligible for earned time credits due to his Final Administrative Order of Removal, the Petition is denied.[2]

---

[1] In fact, Petitioner neither contested that he was subject to removal to Mexico nor that he was ineligible for any term of relief from removal.   (Doc. 6-1 at 3).

[2] The Court has carefully reviewed the record and determines that no evidentiary proceedings are warranted to resolve this petition.   Schriro v. Landrigan, 550 U.S. 465 (2007).   Petitioner does not proffer any evidence that would necessitate an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360, 1362–63 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court.   Schriro, 550 U.S. at 474.

### III.   Conclusion

Based on the foregoing, it is now

**ORDERED:**

1.    The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.    The Clerk is **DIRECTED** to enter judgment, deny any pending

motions as moot, terminate any deadlines, and close this file.

**DONE AND ORDERED** in Tampa, Florida this 2nd day of April, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA:   OCAP-2
Copies:   All Parties of Record

4